UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0008-JMS-DML |
| | ) | |
| RANDALL BRUCE ALLEN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

On March 1, and July 15, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 8, 2021. Defendant Allen appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Kathryn Olivier, Assistant United States Attorney. U. S. Parole and Probation appeared by Officers Tasha Taylor and Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Allen of his rights and provided him with a copy of the petition. Defendant Allen orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Allen admitted violation numbers 1, 2, and 3. [Docket No. 65.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."** |

On January 20, 2021, Mr. Allen made the following admissions to the probation officer:

- In April or May 2020, he used an Internet-enabled cellular telephone to view child pornography "a couple of times;"

- In August 2020, he was in possession of a "memory stick," which he used to access "thousands" of images of child erotica, including those of topless girls between ages 5 to 17;

- In August 2020, he purchased a Chromebook laptop computer, which he used to access both child and adult pornography. He viewed the images on the computer for approximately a month before discarding it;

- In December 2020, he purchased a second Chromebook laptop computer, which he used to view both child and adult pornography. He stored various images onto a "memory stick," as well as Google drive. The laptop and flash drive was confiscated by the probation officer on January 20, 2021.

| | |
|---|---|
| 2 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular bases. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enable device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."** |

As referenced above, the offender was found in possession of a laptop computer and flash drive on January 20, 2021. Subsequently, on January 22, 2021, during a search of his residence, an Internet-enabled cellular telephone was found. He had not provided advance disclosure to the probation officer prior to his purchase of these items. As such, the devices

>> were not monitored. The laptop and flash drive were submitted to an agent from the Department of Homeland Security, where an investigation is underway.

> 3 **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**
>
> During the aforementioned search of Mr. Allen's residence, probation officers located various letters between him and two inmates at the Federal Bureau of Prisons. According to the offender, the inmates were both in custody for sex offenses. At least two of the letters were addressed to the offender's aunt. He admitted this was done intentionally to disguise his contact with other felons.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence above the guideline range of twenty-four (24) months with lifetime supervision. Defendant requested placement at FCI Milan. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with lifetime supervision to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: mental health treatment; sexual disorder assessment, treatment, and physiological testing; and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

    These conditions are recommended to assist the probation officer in supervising the offender and to ensure the safety of the community. Given Mr. Allen's sex offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are imperative.

    Additional recommended condition of supervision:

15. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    In 2013, the offender participated in mental health treatment to address anxiety, obsessive compulsive personality traits, and phobia. At the time, it was suggested he be evaluated for any need for psychotropic medication. Currently, he has reported symptoms related to depression and anxiety. As such, he could benefit from participation in a mental health treatment program.

    Additional recommended conditions of supervised release:

16. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

17. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

18. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child

pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

19. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

21. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

22. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

23. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

    As Mr. Allen was convicted of a sex offense involving minor children, these conditions are needed and are necessary to assist in community safety.

Defendant reviewed the above noted conditions with his attorney.

Defendant Allen is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCI Milan.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 7/16/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system